4

Thomas H. Armstrong, #146016
LAW OFFICE OF THOMAS H. ARMSTRONG
5250 North Palm, Suite 224
Fresno, California 93704
Telephone (559) 447-4700
Facsimile (559) 449-2693
lawoffice5250@sbcglobal.net

Attorney for Movants

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

(FRESNO DIVISION)

| | |
|---|---|
| In Re | CASE NO. 14-11478-A-7F |
| LANCE WILLIAM ST PIERRE AND JANICE DENISE ST PIERRE, | CHAPTER 7 |
| | D.C. NO. THA-1 |
| Debtors. | DATE: DATE MAY 20, 2014<br>TIME: 1:30 P.M.<br>DEPT: "A",<br>JUDGE: FREDRICK CLEMENT |

REPLY TO CHAPTER 7 TRUSTEE'S OBJECTION AND LEWIS EDUCATIONAL TRUST'S JOINDER TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)(1)&(2), AND LBR 4001-1 AND 9014-1(f)(1)

Nelda N. Baker, Trustee of the Nelda N. Baker 2004 Revocable Trust as to an undivided 9.677% interest, Pensco Trust Company FBO Nelda Baker IRA, as to an undivided 25.806% interest, Gerald M. Baker and Nelda N. Baker, as successor co-trustees of

LAW OFFICE OF
THOMAS H. ARMSTRONG
5250 N. Palm, Suite 224
Fresno, CA 93704

REPLY TO CHAPTER 7 TRUSTEE'S OBJECTION AND LEWIS EDUCATIONAL TRUST'S JOINDER TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)(1)&(2), AND LBR 4001-1 AND 9014-1(f)(1)

the Gerald M. Baker and Linda Lee Baker Revocable Trust of 1995 dated March 3, 1995, as to an undivided 48.387% interest, Stacey L. Baker, as to an undivided 12.903% interest, Don Akins and Jerolene Akins, Trustees of the Akins Family Trust Dated February 27, 2004, as to an undivided 3.226% interest, and Mid Valley Services, Inc., a California Corporation, as the loan servicer, (collectively the "Movants"), and creditors in the above-captioned case, respectfully submit this Reply to the Chapter 7 Trustee's Objection and Lewis Educational Trust's Joinder, and respectfully represent as follows:

    1.    Movants bear the burden of proof solely on the issue of equity in the commercial real property commonly known as 528 Central Avenue, Shafter, California 93263 (the "Property"). 11 U.S.C. §362(g)(1). Movants have submitted evidence to the Court that the Property has negative equity of $5,295.46.

    2.    Although the Trustee submits that he has obtained a broker's opinion of value "that leads him to conclude that there is potential equity available to the Chapter 7 estate", no evidence is offered to support this contention. Further, as the "broker" has not offered testimony as to valuation, the Trustee's representation is speculative, conjecture, lacks foundation, and relies upon hearsay statements to which Movants must object.

    3.    Movants point out that neither Debtors nor their attorney have filed any amendments to their schedules to disclose the existence of the Property. Additionally, from a review of the Court's docket, Debtors have not opposed this Motion. Unopposed motions are subject to the rules of default. Fed. R. Civ. P. Rule

LAW OFFICE OF
THOMAS H. ARMSTRONG
5250 N. Palm, Suite 224
Fresno, CA 93704

REPLY TO CHAPTER 7 TRUSTEE'S OBJECTION AND LEWIS EDUCATIONAL TRUST'S JOINDER TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)(1)&(2), AND LBR 4001-1 AND 9014-1(f)(1)

2

55, incorporated by Fed. R. Bankr. P. Rules 7055 & 9014(c), LBR 9001-1(d), (n) (contested matters include all motions). Written opposition was required 14 days prior to the time set for hearing. LBR 9014-1(f)(1). Therefore, as to the Debtors and after considering the record, Movants respectfully request that this Court enter Debtors' default and grant relief from the Automatic Stay as to Debtors accepting the well-pleaded facts in the Motion as true. <u>TeleVideo Systems, Inc. V. Heidenthal</u>, 826 F.2d 915, 917-918 (9th Cir. 1987).

4. As to the Lewis Educational Trust Dated May 17, 2011 ("Trust"), the Joinder filed by the Trust should be disregarded. The Joinder was not served appropriately as required under the LBR and despite the Trust's Notice of Appearance and Request For Service of Pleadings and Papers filed March 3, 2014. For this reason, the Trust's Joinder should not be considered.

5. As to the bankruptcy estate and/or Trustee, Movants acknowledge that they have, through the undersigned, spoken with Mr. Vetter regarding this Motion. Movants agreed in principal to allow the Trustee to market the Property for sale, but not indefinitely. Movants agreed to allow the Trustee to market the Property with an escrow being opened within 60 days from April 30, 2014 and the escrow being closed thereafter within 30 days. Movants also requested that the Trustee stipulate to relief from the Automatic Stay so a Notice of Trustee's Sale could be recorded and time running so as to not further delay any potential foreclosure sale in the future. Movants agreed to make reasonable accommodations to the Trustee in regards to selling the Property. Please see accompanying Declaration of Thomas H. Armstrong in

LAW OFFICE OF
THOMAS H. ARMSTRONG
5250 N. Palm, Suite 224
Fresno, CA 93704

REPLY TO CHAPTER 7 TRUSTEE'S OBJECTION AND LEWIS EDUCATIONAL TRUST'S JOINDER TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)(1)&(2), AND LBR 4001-1 AND 9014-1(f)(1)

3

support of this Reply.  Although an application has been entered on the Court's docket to employ counsel, no application to employ a broker has been submitted to market the Property for sale. Movants do not want this matter to linger and believe that if the Trustee desires time to market and sell the Property to benefit the estate, that the broker should be employed post-haste and the Property listed for sale immediately.  Delay only erodes any benefit to the estate from the sale of the Property as interest accrues post-petition on Movant's claim as they are over-secured. 11 U.S.C. §506(b).

For the reasons set forth above, Movants respectfully request that the Court enter the Debtors' default, disregard the Trust's Joinder for lack of proper service, grant relief from the Automatic Stay to allow Movants to record a Notice of Trustee's Sale, and order that relief as to the estate is granted effective Friday, July 18, 2014 if no escrow is opened, and for such further relief as this Court deems appropriate.

Date: May 13, 2014

THOMAS H. ARMSTRONG, Esq.
Attorney for Movants

LAW OFFICE OF
THOMAS H. ARMSTRONG
5250 N. Palm, Suite 224
Fresno, CA 93704

REPLY TO CHAPTER 7 TRUSTEE'S OBJECTION AND LEWIS EDUCATIONAL TRUST'S JOINDER TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)(1)&(2), AND LBR 4001-1 AND 9014-1(f)(1)

4