4

JEFFREY M. VETTER
CHAPTER 7 TRUSTEE
P.O. BOX 2424
BAKERSFIELD, CA 93303
(661) 809-6806

# IN THE UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| In re: | Case No: 14-11478-A-7 |
|---|---|
| ST. PIERRE, LANCE AND JANICE<br>Debtor(s). | Chapter 7<br>DC No. JMV-3 |

**DECLARATION OF JEFFREY M. VETTER IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING TRUSTEE TO SELL PERSONAL PROPERTY AT PUBLIC AUCTION**

Date: July 23, 2014
Time: 1:00 p.m.
Place: U.S. Bankruptcy Court
510 19th Street
Bakersfield, CA
Judge: Fredrick E. Clement

I, JEFFREY M. VETTER, declare as follows:

1. Lance and Janice St. Pierre ("Debtors"), filed for relief under Chapter 7, March 25, 2014. I am the duly qualified, appointed and acting trustee in the case.

//
//
//
//

2.  The assets of the estate include;

a) 1998 Freightliner (VIN # 1FV6HFAAXWH971373). According the debtor's schedules the vehicle is unencumbered.

b) Equipment used in the operation of the debtor's former business including; Groen Broilers(2), Southbend over/under oven, Trembor Gauge Upright, Ratiotrol/Boston Gear Food Conveyor, Carrera 500M Packaging Conveyor, Butcher Boy Slicer, stainless steel tub, AmeriPak Tray Sealer/Conveyor, hand truck, Toyota propane forklift, stainless steel refrigerator, Whirlpool refrigerator, Hobart mixer, stainless steel tables(12), stainless steel racks(6), FormPlastic Kiss/Seal packing machine, Saima Packaging machine, ItalPast pasta machine(2), pasta slicers(2), filing cabinets(12), offices desks/chairs(3) and a seatrain(metal storage container) and miscellaneous cleaning supplies.

3.  The trustee must liquidate the Personal Property for the benefit of the creditors. Based on the Trustee's experience, the Trustee believes that he will obtain the best and highest net recovery to this estate by selling the Personal Property through the employment and services of a licensed auctioneer. The Trustee believes the Personal Property will sell for approximately $15,000.00.

4.  I seek authority to sell the Personal Property at public auction on July 26, 2014 at 10:00 a.m., 6100 Price Way, Bakersfield CA 93308. I believe that selling the personal property at public auction will yield the best obtainable price under the circumstances of the Chapter 7 case filed by Debtor.

5.  I entered in to an agreement with Jerry Gould of Gould Auction and Appraisal Company ("Auctioneer"), to advertise, manage, and conduct the auction. Jerry Gould is the owner and operator of Gould Auction & Appraisal Company. Trustee filed an application for order authorizing employment of auctioneer concurrently herewith.

6.  According to the agreement between the Auctioneer and Trustee, the fees to be paid for professional services rendered by Auctioneer are:

1        a.   **Commission**: Auctioneer is to receive a 15% commission on the gross proceeds of the sale of the Personal Property;

       b.   **Pick up and Storage**: Auctioneer is to receive $500.00 as an expense reimbursement for pick up and storage of the Personal Property; and

       c.   **Extraordinary Expenses**: Auctioneer will be reimbursed for any extraordinary expenses, such as repair work deemed by the Trustee to be necessary and beneficial to the estate, in an amount not to exceed $250.00. Auctioneer will be reimbursed for any extraordinary expenses in excess of $250.00, only after approval of the Court.

Auctioneer's responsibilities regarding the auction include;

       a.   **DMV Fee**: Buyer will be responsible for transfer fee to cover Department of Motor Vehicles transfer of title expenses, and Auctioneer administers the transfer;

       b.   **Sales Tax**: Auctioneer will be responsible for collecting and paying all sales tax in relation to the sale of the personal property; and

       c.   **Ordinary Expenses**: Auctioneer will bear the cost of all ordinary expenses incidental to an auction sale, including, but not limited to, security, advertising, and other costs of sale.

//
//
//
//
//
//
//
//
//

7. Auctioneer's commission and fees will be noticed to creditors and parties in interest in the *Trustee's Notice of Hearing on Motion for Order Authorizing Trustee to Sell Personal Property at Public Auction* and creditors will be given the opportunity to object thereto in the context of the sale motion. If the Court approves the sale of the personal property by public auction without modification of the terms contained herein, the Auctioneer will be paid by the Trustee as described herein from the proceeds of said auction sale within ten days of receipt of funds from the auctioneer.

8. Trustee believes that the granting of this Motion is in the best interest of Debtor's bankruptcy estate.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this  1st  day of July, 2014 at Bakersfield, California.

/s/ J. M. Vetter
Jeffrey M. Vetter
Chapter 7 Trustee